IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OSCAR H. BRANHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-859-C |
| v. | ) | |
| | ) | |
| OKLAHOMA COURT OF CRIMINAL APPEALS, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Pursuant to 28 U.S.C. § 2241(a), district courts are limited to granting habeas relief "within their respective jurisdictions." In his § 2241 Petition filed August 6, 2015, Petitioner states that he is currently confined at the John H. Lilly Correctional Center ("JLCC") located in Boley, Oklahoma. Boley, Okfuskee County, Oklahoma, is located within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Haugh v. Booker, 210 F.3d 11147, 1149 (10th Cir. 2000)(internal quotation marks omitted).

Moreover, the proper respondent to a habeas petition is "the person who has custody over [the petitioner]," which in this case is the Warden of JLCC. 28 U.S.C. § 2242. As the Supreme

1

Court has stated, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). See Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995)("The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian.").

Consequently, this Court lacks jurisdiction over the instant Petition. The "jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court transfer such an action if the transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (internal quotation marks omitted). See Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006)(holding § 1631 gives district courts discretion to determine whether to transfer an action or instead to dismiss it without prejudice).

Taking a brief look at the merits of the Petition, Haugh, 210 F.3d at 1150 (authorizing "a peek at the merits" to avoid "raising false hopes and wasting judicial resources" resulting from transfer of clearly-doomed case), Petitioner is challenging on due process grounds a disciplinary proceeding that took place at JLCC and the result of that proceeding. All of the evidence related to this disciplinary proceeding originated in and may be found in the Eastern District of Oklahoma. Petitioner states that he has exhausted administrative and state court remedies, and he has provided documentary evidence reflecting that the Oklahoma Court of Criminal Appeals entered an order on March 3, 2015, affirming the decision of the district court to deny Petitioner relief with respect to the challenged disciplinary proceeding. Additionally, there do not appear

2

to be any statute of limitations or other issues that would mitigate against a transfer of the instant Petition to the proper district court for disposition. Therefore, it is recommended, in the interest of justice, that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be TRANSFERRED to the United States District Court for the Eastern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 31st, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  10th  day of  August , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE